[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12250
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2010
JOHN LEY
CLERK

D.C. Docket No. 0:08-cr-60252-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD MITCHELL,
a.k.a. Skinner,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 15, 2010)

Before BLACK, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Leonard Mitchell appeals his 151-month sentence imposed after he pled guilty to two counts of possession with intent to distribute a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1). He challenges the substantive reasonableness of his sentence. After careful review, we affirm.

I.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. United States v. Villarreal, 613 F.3d 1344, 1357 (11th Cir. 2010). "To determine whether a sentence is substantively reasonable, we consider whether, under the totality of the circumstances, the sentence achieves the sentencing goals stated in 18 U.S.C. § 3553(a)." United States v. Culver, 598 F.3d 740, 753 (11th Cir. 2010); see also United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). We may vacate a defendant's sentence only if we "'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.'" United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting Pugh, 515 F.3d at 1191); see also United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily . . . expect a sentence within the

2

Guidelines range to be reasonable." (quotation marks omitted)); <u>United States v. Talley</u>, 431 F.3d 784, 788 (11th Cir. 2005) (The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a).").

Mitchell was sentenced as a career offender under U.S.S.G. § 4B1.1. He does not challenge his status as a career offender. Instead, Mitchell argues that his 151-month within guidelines sentence is substantively unreasonable because the career offender range was overly harsh. He asserts that a downward variance was warranted because his qualifying convictions either involved small scale drug transactions or were committed when he was 16 years old. Given Mitchell's extensive criminal history, we cannot say that his sentence is substantively unreasonable. Mitchell's failure to cease criminal activity in the past could reasonably lead the sentencing court to conclude that a significant sentence was necessary to deter him from committing future crimes. No error occurred.

AFFIRMED.